Ms. Lopez, you have reserved three minutes for rebuttal. Yes, Your Honor. So that gives you seven out of the gate. Thank you. Let's just make sure everybody's set. Okay, you may proceed. May it please the Court, Caroline Lopez on behalf of the government, to protect the Social Security Trust Fund, Congress enacted Section 1306c, which provides that SSA, SSA, SSA,   SSA, SSA, SSA, and SSA can charge the full cost of processing information requests not withstanding FOIA or any other provision of law. That choice to use notwithstanding makes clear that SSA's fee statute supersedes any other statutes that touch on that same subject. Supersedes any present, past, or even future statutes. Yes, Your Honor, and that's because, you know, sort of regardless of enactment, the first step in statutory interpretation is to compare the plain text of the two statutes. And so here, the plain text of SSA's special statute says it's notwithstanding any other provision, any provision of FOIA, Privacy Act, or any other provision of law. And we know from the Supreme Court's case that that notwithstanding language, the Supreme Court's case in NLRB versus SW General, that that notwithstanding language is essentially a magic word. It's crystal-clear language that shows when there are two provisions that might otherwise conflict, which one prevails. And here is the SSA's statute. And there's not going to be any other provision of law that's going to be used to address simply the, or to supersede, statutes regarding setting fees, which is what this provision is about. It's called cost reimbursement. Your view is it was also intended to supersede timing requirements. Is that, is that? So Your Honor, thank you very much for the opportunity to clarify. All it does, I don't mean to suggest at all that it supersedes anything except for something touching on the question of whether SSA can charge fees. And so here, it doesn't alter the SSA's other obligations to timely response. So for example, the plaintiff could, as he did here, file a suit in district court  until SSA didn't perform an adequate search. That's entirely separate from the question of whether, as sort of a consequence of not timely filing, SSA is no longer allowed to recoup the full fees. Right. So is your view, though, if in that hypothetical, they could, this, where they file the suit based on failure to meet the timing requirements, presumably they're filing this, this suit for damages of some kind and the money that would be sought. Oh. No, Your Honor. So in FOIA context, there's not sort of damages for the agencies not filing that. Courts can, you know, order injunctive relief to order the agency to respond within a certain time frame, for example. They could hold you in contempt, too, I suppose. Yeah. Presumably. I certainly never suggest that. No, I'm not saying that would happen lightly, but that could happen. I mean, there could be consequences to a defiant failure to produce timely documents that are required under FOIA or other statutes to be required within a time frame. Yes, Your Honor. And so, so they're all, there are different consequences that can flow from the failure to timely respond under the FOIA. And what Section 1306C does quite clearly with that notwithstanding language is to say one consequence that does, that applies to most agencies, but not to the SSA, is that for most agencies, they can no longer charge fees when they respond late. But the SSA, because the SSA can recoup the full cost of those fees, notwithstanding the FOIA, the SSA can still, when it does perform that search, actually charge those fees. And of course, the fees that were charged here, to be clear, were for a search that was performed for the plaintiff. And to sort of touch upon the legislative history of how important this is to the whole purpose of why Congress passed this statute in the first place, the concern there was to prevent SSA from subsidizing from the Social Security Trust Fund's generalized FOIA requests. And we can see exactly how burdensome that could be in claims like this, which is a really broad-ranging FOIA request and will require enormous agency resources to fulfill. And the entire point of Section 1306C is to stop SSA from having to subsidize those generalized FOIA requests from the Social Security Trust Fund. So could you address the kind of exception in Subsection C that allows for requests and different reimbursement regime for requests that are, with regard to documents that are directly related. What's the scope of the direct relationship? Is that only if it relates to the requester's own benefits or obligations under the program? Yes, Your Honor. So it's things that relate. So by using directly related instead of just related, Congress meant it's really to help with the administration of SSA's programs. In our brief, I think we gave a couple examples that can be the classic, somebody needs their claims file to continue asking for benefits. It could be, I think my employer might have actually given you the wrong information. I need to verify my records and make sure any corrections are made. But so it's really very narrow related to a requester. Because I'm just wondering whether there might be broader requests that, I mean, obviously this request was extremely broad with all kinds of interagency and communications and no time limits and so on. But wouldn't it be directly related to the administration of the Social Security Act to request for the past two years information, generally statistic information, on how many mental health related applications for benefits it had denied, for example? No, Your Honor. And the reason for that is because that would really eviscerate the distinction made in Section 1306C. Because what that sounds like is sort of a general routine FOIA request. I'm sorry to interrupt you, but why isn't it directly related to the administration of the Social Security program? Why isn't that? Because that is, I'm a citizen, I'm a potential beneficiary. I want to understand how you take care of and maybe whether I can anticipate getting benefits for my type of disability or what have you. Absolutely, Your Honor. So two responses to that. One being that SSA's interpretation of the statute directly related to the administration of SSA programs in this way, that it's intended to really help individuals who are trying to navigate their own records or benefits in this context is certainly a reasonable one. And to just back up for a second, almost any FOIA request, because the core point of FOIA is to sort of see how the government is operating in a certain way, to sort of apply plaintiff's theory of that, that would mean any general routine FOIA request that said, I'm interested in figuring out how SSA is doing its job, how it's administering its programs, would come into that accession from SSA's authority to recoup those fees and so would really eviscerate the actual statutory purpose. The exception would swallow the rule. Exactly. And then just to the extent that Your Honor is concerned about the availability of such requests, I do want to point out that SSA pursuant to that Section 1306C authority, which gives it the discretion to charge the full fees or to not charge the full fees, does have a provision that plaintiff didn't satisfy here because the request has to be made at the time that it's, the request for the fee waiver has to be, administrative fee waiver, has to be made at the same time as the FOIA request itself and also meets certain other conditions, but there are certain conditions in which SSA will choose to waive in its discretion the fee for requests that are not directly related. So that's demonstrating a public benefit of a particular type. You can request, demonstrate that public benefit and request a fee waiver. Absolutely. Again, under that SSA specific statute pursuant to its Section 1306 authority, which has some additional conditions. I see that I've gone over my time. I apologize, Your Honors. I, you know. Well, you've got time for rebuttal. So we'll see you again. Next is Mr. Sherman. Good morning, Your Honors. May it please the Court. I'm Justin Sherman from the firm Lang, Ruxbury & Wool on behalf of Dr. Robert Shapiro, who joins me here today in court. We ask that this court affirm the trial court's holding that Dr. Shapiro is entitled to a connection with his FOIA request. So one of the things that the district judge said was that we can't pick and choose among congressional enactments, so instead we have to strive to give effect to both. But I think Ms. Lopez's argument is that when one of those statutes says notwithstanding any other provision of law, Congress has already picked and chosen. So why isn't that a dispositive matter? Why isn't the notwithstanding language the end of this discussion? Well, I think the notwithstanding language does not negate the mandatory fee waiver provision of the FOIA. So notwithstanding doesn't mean notwithstanding? Well, Your Honor, in the NLRB v. Southwest General Insurance Company case upon which the government relies, I don't think that the notwithstanding language is as broad as the government would have the court believe. In that case, the court was examining what the impact of a notwithstanding clause had for two provisions as part of the same statute. And that's different than the situation we're dealing with here. Well, what, I mean, the language of that case is the ordinary meaning of notwithstanding is in spite of or without prevention or obstruction from or by. In statutes, the word shows which provision prevails in the event of a clash. Sure, Your Honor. And I think in that case That's pretty broad language. That's pretty strong. It's broad, but I think it must be viewed in context that that was within the scenario of one statute, whereas here we have two separate statutes, 1306, which is the fee statute So when it says Title, you know, Sections 552 and 552A of Title V or any other provisions of law, it should be limited to just a particular statute? Yes, Your Honor. I think that these are two different statutes, and that brings me to the second reason why I don't think the notwithstanding language in 1306 trumps the fee waiver provision in the FOIA. And that's because it would undermine the purpose of the FOIA and the 2007 amendments thereto. Now, the FOIA was adopted in 1960, pardon me, it's been around for nearly 60 years, and it's got an important goal that I don't think should be given short shrift. The Supreme Court has indicated that it's a structural necessity in a real democracy, that it's vital to the functioning of a real democracy because it serves as a check on corruption. Nobody's saying that we're not striking down FOIA, we're just saying whether or not SSA has to pay fees. Well, I think, you know, and then the government in 2007, as part of the Open Government Act of 2007, specifically added the fee waiver provision because the issue it saw was that agencies were failing to timely respond to FOIA requests, and in doing so they've undermined the purpose of the FOIA. And so the mechanism that the legislators adopted to address the issue of untimely FOIA responses was the fee waiver provision. And the legislative history indicates from Senator Patrick Leahy, who was the author of the statute, that the purpose of the fee waiver provision was to restore meaningful So even though we have this now... Well, look, I don't think anybody's disputing any of that, and this will still apply to all other agencies. The only question is whether the notwithstanding language in the Social Security legislation chomps. Right? I mean, like, I think the point is that if Congress wants to get rid of that language, they know how to do it. But they didn't here. They didn't, but also... They just forgot, you think? Well, I'm not sure if they forgot. I don't think that's a fair reading, because I think as Judge Rice correctly found, that she tried to find an interpretation of these two seemingly disparate statutes, one under the fee waiver provision of the FOIA, which requires timely responses, and the enforcement mechanism is if you don't timely respond, then you don't get to assess fees. With the SSA's 1306 statute, that says that they can. And Judge Rice tried to harmonize these two seemingly disparate... But the notwithstanding clause harmonizes them, but the notwithstanding clause provides that the SSA rules are trumped, basically, that they supervene any other provision of law. So there's nothing... There's no conflict because of the notwithstanding clause. I think that there is, again, Your Honor, I don't think that the notwithstanding language from the NLRB Supreme Court case that the government cites extends across circumstances where we... Whereas here, we have the 2007 Open Government Act that included the fee waiver provision that was passed 25 years after the 1306 provision on which... But is there any authority for the proposition that later enacted statutes trump prior statutes when those prior statutes include the word notwithstanding? I didn't find any. I'm not sure you did either. I did not. But I do think that as a matter of statutory construction, if the court determines that there's a conflict between the two, that the later enacted statute is the one that should take effect. And that case is In Re Ionosphere Clubs. That's from this court. In any event, even if this court were to find that 1306C applies, Dr. Shapiro should still be entitled to a fee waiver because his FOIA request directly relates to the administration of the SSA. Now, Dr. Shapiro is a neurologist. He's a professor. He's also a member of some professional organizations and has an academic interest in these records. His fee request centered on trying to determine how the SSA determines and adjudicates disability benefits for individuals with migraine and headache disorders. He engages in scholarly research on this topic, and if this information were to be made available, it would benefit the public understanding of the act as well as how the administration makes determinations about headache and migraine disorders under the act. 20 CFR 402.170, the regulation that's applicable and upon which the government relies for the directly related test. Well, you don't dispute that's the applicable provision. No, I do not, Your Honor. And I just bring this up because there are two that I think weigh heavily in favor of the waiver of fees. One of them is it's needed to pursue a benefit under the plan, and I think here Dr. Shapiro's request is exactly that. Under the act. Under the act. Yes, Your Honor. The purpose of Dr. Shapiro's request itself is almost by definition designed to figure out how one can pursue benefits under the plan. It's not an individual potential beneficiary. It's a programmatic matter about, understandably, that he would want this information to be of interest, but I think your adversaries are arguing that it's more in the nature of how does the Social Security Administration address certain conditions as a general matter, and what they're saying is that directly related for their purposes is focused on individual beneficiaries' application, and that your request is more in the nature of a FOIA general government kind of plan, and so it would be difficult to imagine a request of any kind of information from the Social Security Administration that wouldn't qualify as directly related if your client's request qualified as directly related. So what's your response to that? Understood, Your Honor. Well, I don't read the regulations being as broad as only being limited to certain individuals. I don't think that's what the regulation says. The factor that we're looking at is whether it's needed to pursue a benefit under the act, and it's not limited in any way to an individual's attempt to obtain their own benefits under the act. So I think it is... So if it bears on millions of people's efforts to obtain benefits under the act, that's directly related to the Act's administration. And so Congress and the agency or the administration would be bound to pay and potentially impair the Social Security Trust Fund, because the costs of doing that, as appeared here, were in the millions. Yes, Your Honor. No distinction between that and individual's application. Right, and I don't think that, and my colleague brought this up, I don't think that SSA is All agencies across the government have an obligation to try to maintain as much funds as possible. They're not using this here. But isn't it fair to say that Congress evinced a special desire to protect the Social Security Trust Fund by including the notwithstanding language here and placing the Social Security Administration in a special position with regard to how FOIA operates, potentially? I think that the 2007 amendments did not specify any agency out. It was concerned about untimely FOIA responses across the government as a whole. It says in agency, it doesn't say the specific agency, and it certainly didn't exclude the SSA from that concern, which led them to adopt the fee waiver provision of the FOIA. I would also note, and I see I'm out of time, that the list under 20 CFR 402.170 is not an exclusive list. There's a catch-all under Section 2, which says that SSA will consider on a case-by-case basis those requests which do not meet this criteria but are claimed to be program-related. And for the reasons I explained, I think that Dr. Shapiro's request easily fits under that prong as well. So I see I'm out of time. Thank you to the Court for its time and consideration. All right. Thank you, Mr. Sherman. Ms. Lopez, you have three minutes for rebuttal. Thank you, Your Honors. I will try to be much briefer this time. So we absolutely agree that there was no reason for the district court to reach out and search for how to harmonize things because a notwithstanding clause indicates Congress's intention as to how those two statutes operate in as clear a language as Congress could have possibly used. So could Dr. Shapiro submit a request of a similar type and make an argument that it's related in the public interest and work with the agency to kind of tailor the size and scope of his request? So I don't want to get ahead of what the agency would decide in any particular case. But as a general matter, as we've been discussing, in SSA's view, that request would not be directly related so as to qualify for the exception to that recruitment automatically. But there is a provision that's 20 CFR 402.185, and that is the provision in which SSA provides that. So that's sort of what links up to that. It can make a case-by-case determination as to whether to waive fees in certain circumstances. And there are a number of conditions that have to be met. So for example, of course, saying this at the outside of the request, but also it, and I apologize, I don't actually have the language of that regulation in front of me right now, but it lays out a number of conditions and factors. So for example, it says more often, for example, requests from the news media might be more likely to qualify, or if there's a particular reason to expect that specific requester would be particularly valuable in educating. Again, I am paraphrasing. And so, you know. I don't, I don't mean to pin you down, but I just wondered whether there are alternative mechanisms because it is a, you know, a type of inquiry that might be valuable to the public if it were appropriately tailored and not overbroad and so on. Yes, Your Honor. So in response to Your Honor's question, the SSA in its discretion, though not required by the statute, sort of recognizing that there is a regulation by which folks can apply through this SSA-specific process to argue that they meet the conditions and SSA makes those determinations on a case-by-case basis. If there are no further questions, we'd ask that the court reverse the additional court for the reasons laid out in our brief. All right. Thank you both. We will reserve decision. Thank you. Have a nice day.